UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN GONZALEZ VILLASANA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX, et al.,<br><br>Respondents. | No. 1:26-cv-05118-DAD-CKD<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 3) |

On July 3, 2026, petitioner, proceeding with counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and a motion for temporary restraining order (Doc. No. 3) challenging his detention by United States Immigration and Customs Enforcement ("ICE"). On July 6, 2026, the court issued an order setting a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) In that same order, the court directed that if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

/////

1

On July 7, 2026, respondents filed a combined response to the *habeas* petition and opposition to the motion for temporary restraining order.  (Doc. No. 7.)  Respondents did not state any opposition to this court ruling on the merits of the petition and, pursuant to the court's prior order (Doc. No. 6), the court will therefore address the underlying merits of the petition in this order.  Petitioner filed a reply on July 7, 2026.  (Doc. No. 8.)

Based upon a review of the briefing, the court finds the following facts.  On October 20, 2022, petitioner was arrested for driving while intoxicated in Dallas, Texas.  (Doc. No. 7 at 15.)  That same day, petitioner was contacted by Department of Homeland Security ("DHS") personnel at the Dallas County Jail.  (*Id.* at 5.)  Petitioner was issued a Notice to Appear for Removal Proceedings on October 25, 2022 and released on his own recognizance by DHS.  (Doc. Nos. 7 at 7; 1-1 at 2.)  Petitioner was convicted of driving while intoxicated on June 15, 2023.  (Doc. No. 7 at 16.)  Petitioner reported to ICE on April 28, 2025, and was ordered to report again on April 29, 2026.  (Doc. No. 1-2 at 2.)  Petitioner was re-detained on April 29, 2026, when he reported as directed to the Dallas Field Office.  (Doc. No. 7 at 11.)

Respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents note that this petition may differ from those cited in the court's order because petitioner was initially encountered by DHS following a "DUI" arrest in October 2022.  (Doc. No. 7 at 2.)  However, respondents do not attempt to explain how this fact justifies petitioner's re-detention on April 29, 2026.

In light of petitioner's previous release on his own recognizance, the court incorporates and adopts the reasoning set forth in its prior orders *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the court

/////

/////

/////

2

concluded that the petitioners' re-detention absent notice and an opportunity to be heard violated due process.[1] Accordingly, the court will grant petitioner's petition for writ of *habeas corpus*.

For the reasons explained above,

1.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner Adrian Gonzalez Villasana, A-File No. 240-139-364, from respondents' custody on the conditions, if any, he was subject to prior to his re-detention on April 29, 2026;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

4.    The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

/////

/////

/////

---

[1] Notably, the petitioner in *Ayala Cajina* was pending state criminal charges for driving under the influence of alcohol and driving without a license but ICE had made intervening determinations that he should remain out of custody such that the pendency of the criminal charges did not constitute a change in circumstances justifying his re-detention. 2025 WL 3251083, at *2, 4. In this regard, it appears that petitioner's arrest in 2022 and subsequent conviction in 2023 for driving while intoxicated could not serve to justify petitioner's re-detention given that petitioner had intervening contacts with DHS.

5.     The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **July 8, 2026**                                 

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4